**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BEVERLY PIZZURRO** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL CASE NO. _____** |
| **HMS HOST FOUNDATIONS, INC.,** | § | |
| **HMS HOST FAMILY** | § | |
| **RESTAURANTS, INC., and** | § | |
| **HMS CORPORATION** | § | |

---

### INDEX OF DOCUMENTS FILED IN STATE COURT

---

Prior to removal of this matter to the United States District Court for the Northern District of Texas, Dallas Division, the attached documents which are listed below were filed in Cause No. DC-21-08851 in the 95th Judicial District Court of Dallas County, Texas.

| | **Document Description** | **Date Filed** |
|---|---|---|
| **1.** | Plaintiff's Original Petition and Request for Disclosure | 07/08/2021 |
| **2.** | Return of Service for HMS Host Family Restaurants, Inc. | 07/27/2021 |
| **3.** | Return of Service for HMS Host Foundations, Inc. | 07/30/2021 |
| **4.** | Return of Service for HMS Corporation | 07/30/2021 |
| **5.** | Original Answer & Special Exception of HMS Host Family Restaurants, Inc. to Plaintiff's Original Petition | 08/09/2021 |
| **6.** | Original Answer & Special Exception of HMS Host Foundations, Inc. to Plaintiff's Original Petition | 08/09/2021 |
| **7.** | Original Answer & Special Exception of HMS Corporation to Plaintiff's Original Petition | 08/09/2021 |

DATED this 19th day of August, 2021.

---

Respectfully Submitted,

/s/ *Timothy U. Stanford*

Timothy U. Stanford
Texas State Bar No. 19041030
tstanford@downsstanford.com

DOWNS & STANFORD, P.C.
2001 Bryan Street, Suite 4000
Dallas, Texas 75201
(214) 748-7900 – Telephone
(214) 748-4530 – Facsimile

**ATTORNEYS FOR DEFENDANTS**
**HMS HOST FOUNDATIONS, INC.,**
**HMS HOST FAMILY RESTAURANTS, INC., and**
**HMS CORPORATION**

FILED
7/8/2021 5:43 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

DC-21-08851

CAUSE NO. _____

| | | |
|---|---|---|
| BEVERLY PIZZURRO | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | 95th |
| **v.** | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| HMS HOST FOUNDATIONS, INC., | § | |
| HMS HOST FAMILY | § | |
| RESTAURANTS, INC., HMS | § | |
| CORPORATION | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THE SAID COURT:

COMES NOW, Beverly Pizzurro, (hereinafter referred to as "Plaintiff"), and file this, her

Original Petition and Request for Disclosure complaining of HMS Host Foundations, Inc., HMS Host

Family Restaurants, Inc., HMS Host Corporation.(hereinafter referred to as "Defendants"), and for

cause of action would respectfully show unto the Court the following:

## I.
## DISCOVERY LEVEL

1.  Pursuant to TEX. R. CIV. P. 190.2, Plaintiff states that discovery in this cause is intended to be

    conducted under Level 3, and hereby move to conduct discovery at such level.

## II.
## PARTIES AND SERVICE

2.  Plaintiff Beverly Pizzurro is an individual residing in Dallas, Texas. Plaintiff may be noticed by

    and through her attorney of record, Ayesha Rafi, Rafi DeBose, PLLC, 8330 LBJ Freeway, Suite

    820, Dallas, Texas 75243.

3.  Defendant HMS Host Foundations, Inc. is a corporation and may be served through its

registered agent: CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, MD 21202.

4.  Defendant HMS Host Family Restaurants, Inc. is a corporation and may be served through its registered agent: The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620 Austin, TX 78701-3218 USA

5.  Defendant HMS Corporation is a foreign corporation and may be served through its registered agent: The Prentice-Hall Corporation System, MA, 7 St. Paul Street, Suite 820, Baltimore, MD 21202.

## III.

## JURISDICTION AND VENUE

6.  The subject matter in controversy is within the jurisdictional limits of this court.

7.  Plaintiff seeks only monetary relief more than $250,000.00 but less than $1,000,000.00.

8.  This court has jurisdiction over the parties because the Defendant(s) are corporations conducting business in Texas.

9.  Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County.

## IV.
## FACTUAL BACKGROUND

10. On October 24, 2019, Plaintiff was shopping at the Starbucks located at 3008 Cedar Springs Road in Dallas, Texas.

11. Defendants had roped-off a narrow section of the store forming a line to order from a cashier.

12. Within the narrow line, Defendants placed baskets on the ground selling additional merchandise

and products.

13. The combination provided little-to-no area for customers to pass through and caused Plaintiff to fall.

14. Plaintiff suffered significant damages as a result of the fall and impact.

15. Plaintiff alleges that Defendants' negligence was the proximate cause of Plaintiff's damages.

**V.**
**CAUSE OF ACTION - PREMISES LIABILITY**

16. Defendants owned and/or controlled the premises and/or managed and operated the store where Plaintiff was injured. Plaintiff would show that at the time of the occurrence in question, one or more conditions existed on the premises that posed an unreasonable risk of harm. The placement of roping and large objects on the ground in a high traffic area was an unreasonably dangerous condition. These unreasonably dangerous conditions caused Plaintiff to suffer serious injuries. Defendants failed to reduce or eliminate this unreasonably dangerous condition, or warn Plaintiff about the condition. Specifically, Defendants failed in their duty to make the condition safe because:

• there was no warning of the unreasonably dangerous condition;

• there was no attempt to clear the area before your customer walked through or entered and attempted to leave the area in question; and

• policies, procedures and employee training regarding inspection and cleanup were not enforced and were violated.

17. Defendants knew, or in the exercise of reasonable diligence, should have known of the dangerous conditions before the accident. Plaintiff had no awareness of the unreasonably dangerous conditions, which were not open and obvious to Plaintiff. Defendants failed to exercise ordinary care to make the condition reasonably safe or to adequately warn Plaintiff of

the unreasonably dangerous conditions. The Defendants' failure to exercise ordinary care proximately caused Plaintiff to suffer injuries and damages.

## VI.
## CAUSE OF ACTION - NEGLIGENCE

18. The occurrence made the basis of this suit, described in the paragraphs above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants in one or more of the following respects:

- In failing to provide any warning of the unreasonably dangerous condition;

- In failing to clear the area before the customers walked through or entered; and

- In failing to provide proper policies, procedures and employee training regarding inspection and cleanup.

19. Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence that made the basis of this action and Plaintiff's injuries and damages.

## VI.
## DAMAGES OF PLAINTIFF BEVERLY PIZZURRO

16. Plaintiff would show that as a result of the negligence, negligence per se and/or gross negligence of the Defendants, she sustained severe and permanent injuries.

17. Plaintiff incurred injuries and damages in an amount in excess of the court's minimum jurisdictional limit.

18. Plaintiff would further show that as a proximate result of the negligence of the Defendants, she is entitled to recovery for damages including but not limited to:

   a.   past and future reasonable and necessary medical expenses;

b.  past and future pain, suffering and mental anguish;

c.  past and future impairment due to his debilitating injuries;

**d.**  damage to the vehicle and the diminished value thereof.

## VII.
## CLAIM FOR PREJDUGMENT AND POST JUDGMENT INTEREST

**19.** Plaintiff claims interest in accordance with Texas Finance Code §304.001 *et. seq.* and any other

applicable law.

## VIII.
## REQUEST FOR DISCLOSURE

**20.** Plaintiff hereby requests that Defendants discloses the information and material described in TEX.

R. CIV. P. 192(a)-(l).  The responses may be served upon Plaintiff through his attorney of record,

Ayesha Rafi, Rafi DeBose, PLLC, 8330 LBJ Freeway, Suite 820, Dallas, Texas 75243.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited and required

to appear and answer, and that this case be tried, after which, Plaintiff recovers:

e.  Judgment against Defendants for a sum within the jurisdictional limits of this Court

for the damages indicated above;

f.  Plaintiff respectively requests a jury determine the amount of Plaintiff's damages,

including exemplary damages;

g.  Pre-judgment and post-judgment interest at the maximum amount allowed by law

on all elements of applicable damages claimed herein;

h.  Costs and fees of suit; and

i.  Such other and further relief, both general and specific, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**RAFI|DEBOSE, PLLC**

*/s/ Ayesha Rafi* _____
Ayesha Rafi
State Bar Number 24060455
arafi@rafidebose.com
Kyle DeBose
State Bar Number 24084302
kdebose@rafidebose.com
8330 LBJ Freeway, Suite 820
Dallas, Texas 75243
Telephone: (214) 224-0064
Facsimile: (214) 224-0064

**ATTORNEYS FOR PLAINTIFF**

FILED
7/27/2021 2:58 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

Case 3:21-cv-01947-S   Document 1-3   Filed 08/19/21   Page 9 of 37   PageID 17

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **95th Judicial District Court**

Case Number: DC-21-08851

Plaintiff:
**Beverly Pizzurro**

vs.

Defendant:
**HMS Host Foundations, Inc., et al**

For:
Ayesha Rafi
8330 LBJ Freeway
Suite B850
Dallas, TX 75243

Received by Mike Techow on the 19th day of July, 2021 at 4:28 pm to be served on **HMS Host Family Restaurants, Inc. c/o registered agent Prentice-Hall Corporation System, 211 E. 7th St, 620, Austin, TX 78701**.

I, Mike Techow, being duly sworn, depose and say that on the **20th day of July, 2021** at **3:05 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Citation, Copy of Plaintiffs Original Petition with Request for Disclosure** with the date and hour of service endorsed thereon by me, to: **Samantha Guerra, Prentice-Hall Corporation System as Authorized Agent**, at the address of: **211 E. 7th St, 620, Austin, TX 78701**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30, Sex: F, Race/Skin Color: Hispanic, Height: 5'6, Weight: 170, Hair: Black, Glasses: Y

My name is Mike Techow. My date of birth is 6/26/1972. My work address is 809 Nueces, Austin, TX 78701. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County on July 20th, 2021 by Mike Techow, declarant.

**Mike Techow**
PSC-1215, Exp. 7/31/2022

**On Time Couriers/Process**
**1700 Pacific Avenue**
**Ste 1040**
**Dallas, TX 75201**
**(214) 740-9999**

Our Job Serial Number: ONT-2021003612
Ref: Beverly Pizzurro

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:   **HMS HOST FAMILY RESTAURANTS, INC.**
      **BY SERVING ITS REGISTERED AGENT THE PRENTICE-HALL CORPORATION SYSTEM**
      **211 E 7TH STREET SUITE 620**
      **AUSTIN TX 78701-3218**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition
to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this
suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find
out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BEVERLY PIZZURRO**

**AFFIDAVIT ATTACHED**

Filed in said Court **8th day of July, 2021** against

**HMS HOST FOUNDATIONS, INC., HMS HOST FAMILY RESTAURANTS, INC. AND HMS**
**CORPORATION**

For Suit, said suit being numbered **DC-21-08851,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR**
**DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be
returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
          DANIEL MACIAS

---

**ESERVE**

**CITATION**

**DC-21-08851**

**BEVERLY PIZZURRO**
**vs.**
**HMS HOST FOUNDATIONS INC, et al**

ISSUED THIS
**15th day of July, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
**AYESHA RAFI**
RAFI|DEBOSE, PLLC
8330 LBJ FREEWAY
SUITE 820
DALLAS TX 75243
214-224-0064
**arafi@rafidebose.com**



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Case No. :  DC-21-08851

Court No.95th District Court

Style: BEVERLY PIZZURRO

 vs.

HMS HOST FOUNDATIONS INC, et al

# AFFIDAVIT ATTACHED

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of _____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said  _____ before me this  _____ day of  _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public  _____ County  _____

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 55747009
Status as of 7/29/2021 8:32 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle DeBose | | kdebose@rafidebose.com | 7/27/2021 2:58:47 PM | SENT |
| AYESHA RAFI | | arafi@rafidebose.com | 7/27/2021 2:58:47 PM | SENT |

FILED
7/30/2021 12:50 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Deondria Grant DEPUTY

Case 3:21-cv-01947-S   Document 1-3   Filed 08/19/21   Page 13 of 37   PageID 21

In the

## 95th District Court of Dallas County Texas

**BEVERLY PIZZURRO**
Plaintiff

vs.
**HMS CORPORATION, et al.**
Defendant

Case Number: **DC-21-08851**

---

### *Affidavit of Service*

The undersigned hereby certifies as follows:

Came to hand on the 19th day of July 2021, at 5:35 pm

1. That I am a competent individual over eighteen (18) years of age and not a party to the above action.

2. That on **July 20, 2021, at 1:57 PM**, I served the *Citation, Officer's Return, and Automated Certificate of Service, Plaintiff's Original Petition, and Request for Disclosure* upon The Legal Representative of the Prentice-Hall Corporation System, the Resident Agent for HMS Host Foundations, Inc. That service was effected in accordance with the protocol of the Prentice Hall Corporation (**Exhibits**). That the agent's description was as follows:

| Race | Sex | Age | Hair | Height | Weight |
|------|-----|-----|------|--------|--------|
| White | Female | 28 - 33 | Brown | 5ft 6in - 5ft 9in | 116 - 130 lbs |

3. That service was effected at 7 St. Paul Street, Suite 820 Baltimore, MD 21202.

4. That the facts, upon which I concluded that the individual served is of suitable age and discretion, are personal observation and the recipient's statement.

I do solemnly declare and affirm under the penalties of perjury that the matters and facts set forth herein are true to the best of my knowledge, information, and belief.



**Stephen Folcher**, Agent for
On Time Couriers & Process Service
1700 Pacific Avenue, Suite 1040
Dallas, TX 75201
214-740-9999

Subscribed and sworn to before me this 23rd day of July 2021.

Notary Name: Ida M. Manly
My Comm. Expires: 3/5/22
2107190190604

IDA M. MANLY
NOTARY PUBLIC
BALTIMORE CITY
MARYLAND
My Comm. Expires March 5, 2022



## PROCESS SERVER NOTICE

- Upon direction of counsel, we are not able to provide a specific employee name when receiving process. Please use "Legal representative of CSC". If you have "saved" an individual's name, please discontinue use.

- Under Maryland law, there is no statutory requirement for a registered agent to provide an employee's name when accepting service on behalf of a corporation.

- To the extent a court demands proof of service, the process server may offer to provide testimony regarding the delivery and/or we are willing to provide an affidavit regarding our business process and how certain documents were managed upon receipt.

If you have any questions, please feel free to contact our legal team at 302-636-5400

251 Little Falls Drive, Wilmington, Delaware 19808   1 800 927 9800 | 302 636 5400   302 636 5454   cscglobal.com

**ESERVE**

**CITATION**

DC-21-08851

BEVERLY PIZZURRO
vs.
HMS HOST FOUNDATIONS INC, et al

ISSUED THIS
**15th day of July, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
**AYESHA RAFI**
RAFI|DEBOSE, PLLC
8330 LBJ FREEWAY
SUITE 820
DALLAS TX 75243
214-224-0064
**arafi@rafidebose.com**

**FORM NO. 353-3 – CITATION**
**THE STATE OF TEXAS**

To:     **HMS HOST FOUNDATIONS, INC.**
**BY SERVING ITS REGISTERED AGENT CSC-LAWYERS INCORPORATING**
**SERVICE COMPANY**
**7 ST PAUL STREET SUITE 820**
**BALTIMORE MD 21202**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BEVERLY PIZZURRO**

Filed in said Court **8th day of July, 2021** against



**AFFIDAVIT**
**ATTACHED**

**HMS HOST FOUNDATIONS, INC., HMS HOST FAMILY RESTAURANTS, INC. AND HMS CORPORATION**

For Suit, said suit being numbered **DC-21-08851,** the nature of which demand is as follows: Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
          DANIEL MACIAS



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

**AFFIDAVIT ATTACHED**

Case No. : DC-21-08851

Court No.95th District Court

Style: BEVERLY PIZZURRO

vs.

HMS HOST FOUNDATIONS INC, et al

Came to hand on the _____ day of _____ , 20 _____ , at _____ o'clock _____ .M. on the _____ o'clock _____ .M. Executed at _____

within the County of _____ at _____ day of _____ ,

20 _____ , by delivering to the within named _____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation        $ _____

For mileage        $ _____        of _____ County, _____

For Notary        $ _____        By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20 _____ ,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 55867821
Status as of 8/2/2021 1:01 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle DeBose | | kdebose@rafidebose.com | 7/30/2021 12:50:52 PM | SENT |
| AYESHA RAFI | | arafi@rafidebose.com | 7/30/2021 12:50:52 PM | SENT |

FILED
7/30/2021 12:50 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Deondria Grant DEPUTY

## IN THE

## DISTRICT COURT OF DALLAS COUNTY TEXAS 95TH JUDICIAL COURT

**BEVERLY PIZZURRO**
Plaintiff

vs.
**HMS HOST FOUNDATIONS, INC.**
Defendant

Case Number: **DC-21-08851**

### *Affidavit of Service*

The undersigned hereby certifies as follows:

*Came to hand on 19th day of July 2021, at 5:35 pm*

1. That I am a competent individual over eighteen (18) years of age and not a party to the above action.

2. That on **July 20, 2021, @ 1:57 PM**, I served the *Citation, Officer's Return, Automated Certificate of Service, Plaintiff's Original Petition, and Request for Disclosure* upon **The Legal Representative of the Prentice-Hall Corporation System, the Resident Agent for HMS Corp.** That service was effected in accordance with the protocol of the Prentice Hall Corporation (**Exhibits**). That the agent's description was as follows:

| Race | Sex | Age | Hair | Height | Weight |
|------|-----|-----|------|--------|--------|
| White | Female | 28 - 33 | Brown | 5ft 6in - 5ft 9in | 116 - 130 lbs |

3. That service was effected at 7 St. Paul Street, Suite 820 Baltimore, MD 21202.

4. That the facts, upon which I concluded that the individual served is of suitable age and discretion, are personal observation and the recipient's statement.

I do solemnly declare and affirm under the penalties of perjury that the matters and facts set forth herein are true to the best of my knowledge, information, and belief.

**Stephen Folcher**, Agent for
On Time Couriers & Process Service
1700 Pacific Avenue, Suite 1040
Dallas, TX 75201
(214) 740-9999

Subscribed and sworn to before me this 23rd day of July 2021.

Notary Name: Ida M. Manly
My Comm. Expires: 3/5/22
2107190190605

IDA M. MANLY
NOTARY PUBLIC
BALTIMORE CITY
MARYLAND
My Comm. Expires March 5, 2022



**CSC**

## PROCESS SERVER NOTICE

- Upon direction of counsel, we are not able to provide a specific employee name when receiving process. Please use "Legal representative of CSC". If you have "saved" an individual's name, please discontinue use.

- Under Maryland law, there is no statutory requirement for a registered agent to provide an employee's name when accepting service on behalf of a corporation.

- To the extent a court demands proof of service, the process server may offer to provide testimony regarding the delivery and/or we are willing to provide an affidavit regarding our business process and how certain documents were managed upon receipt.

If you have any questions, please feel free to contact our legal team at 302-636-5400

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

**ESERVE**

**CITATION**

To:     **HMS CORPORATION**
BY SERVING ITS REGISTERED AGENT THE PRENTICE-HALL CORPORATION SYSTEM, MA
7 ST PAUL STREET SUITE 820
BALTIMORE MD 21202

**DC-21-08851**

**BEVERLY PIZZURRO**
vs.
**HMS HOST FOUNDATIONS INC, et al**

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

**ISSUED THIS**
**15th day of July, 2021**

Said Plaintiff being **BEVERLY PIZZURRO**

Filed in said Court **8th day of July, 2021** against

**AFFIDAVIT**
**ATTACHED**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

**HMS HOST FOUNDATIONS, INC., HMS HOST FAMILY RESTAURANTS, INC. AND HMS CORPORATION**

By: DANIEL MACIAS, Deputy

For Suit, said suit being numbered **DC-21-08851**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**Attorney for Plaintiff**
**AYESHA RAFI**
RAFI|DEBOSE, PLLC
8330 LBJ FREEWAY
SUITE 820
DALLAS TX 75243
214-224-0064
**arafi@rafidebose.com**

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
          DANIEL MACIAS



DALLAS COUNTY
SERVICE FEES
NOT PAID

**OFFICER'S RETURN**

## AFFIDAVIT ATTACHED

Case No. : DC-21-08851

Court No.95th District Court

Style: BEVERLY PIZZURRO

vs.

HMS HOST FOUNDATIONS INC, et al

Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____.M. on the _____ o'clock _____.M. Executed at

within the County of _____ at _____ day of

20 ____, by delivering to the within named

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation     $ _____

For mileage              $ _____                of _____ County, _____

For Notary               $ _____                By _____                Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ____,

to certify which witness my hand and seal of office.

_____ Notary Public _____ County _____

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 55867821
Status as of 8/2/2021 1:01 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| AYESHA RAFI | | arafi@rafidebose.com | 7/30/2021 12:50:52 PM | SENT |
| Kyle DeBose | | kdebose@rafidebose.com | 7/30/2021 12:50:52 PM | SENT |

FILED
8/9/2021 10:53 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kellie Juricek DEPUTY

Case 3:21-cv-01947-S   Document 1-3   Filed 08/19/21   Page 23 of 37   PageID 31

## CAUSE NO. DC-21-08851

| | | |
|---|---|---|
| **BEVERLY PIZZURRO** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | |
| | § | **95th JUDICIAL DISTRICT** |
| **HMS HOST FOUNDATIONS, INC.,** | § | |
| **HMS HOST FAMILY** | § | |
| **RESTAURANTS, INC., and** | § | |
| **HMS CORPORATION** | § | **DALLAS COUNTY, TEXAS** |

---

### ORIGINAL ANSWER AND SPECIAL EXCEPTION OF
### HMS HOST FAMILY RESTAURANTS, INC. TO PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, HMS Host Family Restaurants, Inc. ("Defendant"), by and through its counsel of record, Timothy U. Stanford, Downs & Stanford, P.C., and files its Original Answer and Special Exception to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### GENERAL DENIAL

**1.** As allowed by Tex. R. Civ. P. 92, Defendant generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition (and any subsequent Amended or Supplemental Petitions), which places the burden of proof on Plaintiff to prove all elements of her claims. Defendant demands strict proof of Plaintiff's allegations by a preponderance of the evidence.

### SPECIAL EXCEPTIONS

**2.** Defendant specially excepts to paragraph 2 of Plaintiff's Original Petition, in that Plaintiff failed to provide the information required by Tex. Civ. Prac. & Rem. Code § 30.014(a). Defendant hereby asks the Court to order Plaintiff to amend her Petition to include

---

the required information, or find Plaintiff in contempt as provided in TEX. CIV. PRAC. & REM. CODE § 30.014(b).

## **AFFIRMATIVE DEFENSES**

3.      Defendant states that to the best of its knowledge, there is not a Starbucks located at 3008 Cedar Springs Road in Dallas, Texas, as is alleged in Plaintiff's Original Petition.

4.      Defendant affirmatively asserts that does not own, operate, manage, maintain or control the premises/location where the alleged October 24, 2019 incident made the basis of this lawsuit occurred.

5.      Defendant contends that the alleged defect/condition complained of by Plaintiff in her Original Petition was open and obvious to all persons such as Plaintiff.

6.      Defendant asserts that the incident made the basis of this lawsuit was a result of Plaintiff's failure to exercise a reasonable degree of care to ensure her own safety.

7.      Defendant alleges that Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own negligence, in that she failed to exercise reasonable care and/or diligence that a reasonable person would have in the same or similar circumstance, proximately causing, in whole or in part, the injuries, if any, complained of by Plaintiff.  These acts and omissions, whether taken together or separately, proximately caused and/or contributed to the injuries and damages to Plaintiff which are alleged in Plaintiff's Original Petition and could have avoided all or some of the damages of which she now complains.

8.      Defendant would show that no act or omission of Defendant proximately caused Plaintiff's alleged damages.

9.    The alleged acts and/or omissions of Defendant, which Defendant specifically denies, were not a substantial contributing factor to the incident made the basis of this lawsuit and/or Plaintiff's alleged injuries and/or damages.

10.    Defendant affirmatively asserts that it breached no duty of care owed to Plaintiff.

11.    Pleading further and in the alternative, if same be necessary, Defendant had no actual or constructive notice of any unreasonably dangerous condition as may be alleged in Plaintiff's Original Petition prior to the incident in question.

12.    Defendant asserts that Plaintiff's claims may be barred in whole or in part by her failure to take adequate steps to mitigate any alleged damages.

13.    While maintaining that Defendant is not liable to Plaintiff, to the extent that Plaintiff's medical or healthcare expenses exceed the amount actually paid or incurred by or on behalf of Plaintiff's behalf, Defendant asserts the statutory defense set forth in TEX. CIV. PRAC. & REM. CODE § 41.0105.  Thus, recovery of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

14.    Defendant reserves the right to assert any other affirmative defenses that may become apparent during the development of this lawsuit.

## RULE 193.7 NOTICE

15.    Pursuant to TEX. R. CIV. P. 193.7, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents and/or materials produced in discovery.

## REQUIRED INITIAL DISCLOSURES

**16.**     Pursuant to TEX. R. CIV. P. 194, Plaintiff is required to disclose, within 30 days after the filing of the first answer or general appearance, the information described in TEX. R. CIV. P. 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing judgment be entered that Plaintiff takes nothing by her suit, that Defendant is discharged with its costs, and for such other and further relief to which Defendant may show itself justly entitled.

Respectfully Submitted,

/s/ *Timothy U. Stanford*
Timothy U. Stanford
Texas State Bar No. 19041030
tstanford@downsstanford.com

DOWNS & STANFORD, P.C.
2001 Bryan Street, Suite 4000
Dallas, Texas 75201
(214) 748-7900 – Telephone
(214) 748-4530 – Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record on this 9th day of August, 2021, in accordance with TEX. R. CIV. P. 21a.

/s/ *Timothy U. Stanford*
Timothy U. Stanford

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Lorraine McMahan on behalf of Timothy Stanford
Bar No. 19041030
lmcmahan@downsstanford.com
Envelope ID: 56112212
Status as of 8/9/2021 2:33 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle DeBose | | kdebose@rafidebose.com | 8/9/2021 10:53:32 AM | SENT |
| AYESHA RAFI | | arafi@rafidebose.com | 8/9/2021 10:53:32 AM | SENT |
| Timothy U.Stanford | | TStanford@DownsStanford.com | 8/9/2021 10:53:32 AM | SENT |
| Lorraine McMahan | | LMcMahan@DownsStanford.com | 8/9/2021 10:53:32 AM | SENT |

FILED
8/9/2021 10:51 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kellie Juricek DEPUTY

Case 3:21-cv-01947-S   Document 1-3   Filed 08/19/21   Page 28 of 37   PageID 36

## CAUSE NO. DC-21-08851

| | | |
|---|---|---|
| **BEVERLY PIZZURRO** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | |
| | § | **95th JUDICIAL DISTRICT** |
| **HMS HOST FOUNDATIONS, INC.,** | § | |
| **HMS HOST FAMILY** | § | |
| **RESTAURANTS, INC., and** | § | |
| **HMS CORPORATION** | § | **DALLAS COUNTY, TEXAS** |

## ORIGINAL ANSWER AND SPECIAL EXCEPTION OF
## HMS HOST FOUNDATIONS, INC. TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, HMS Host Foundations, Inc. ("Defendant"), by and through its counsel

of record, Timothy U. Stanford, DOWNS & STANFORD, P.C., and files its Original Answer and

Special Exception to Plaintiff's Original Petition, and would respectfully show the Court as

follows:

### <u>GENERAL DENIAL</u>

**1.**     As allowed by TEX. R. CIV. P. 92, Defendant generally denies each and every, all and

singular, the allegations contained in Plaintiff's Original Petition (and any subsequent Amended

or Supplemental Petitions), which places the burden of proof on Plaintiff to prove all elements of

her claims.  Defendant demands strict proof of Plaintiff's allegations by a preponderance of the

evidence.

### <u>SPECIAL EXCEPTIONS</u>

**2.**     Defendant specially excepts to paragraph 2 of Plaintiff's Original Petition, in that

Plaintiff failed to provide the information required by TEX. CIV. PRAC. & REM. CODE §

30.014(a).  Defendant hereby asks the Court to order Plaintiff to amend her Petition to include

the required information, or find Plaintiff in contempt as provided in TEX. CIV. PRAC. & REM. CODE § 30.014(b).

## **AFFIRMATIVE DEFENSES**

**3.**     Defendant states that to the best of its knowledge, there is not a Starbucks located at 3008 Cedar Springs Road in Dallas, Texas, as is alleged in Plaintiff's Original Petition.

**4.**     Defendant affirmatively asserts that does not own, operate, manage, maintain or control the premises/location where the alleged October 24, 2019 incident made the basis of this lawsuit occurred.

**5.**     Defendant contends that the alleged defect/condition complained of by Plaintiff in her Original Petition was open and obvious to all persons such as Plaintiff.

**6.**     Defendant asserts that the incident made the basis of this lawsuit was a result of Plaintiff's failure to exercise a reasonable degree of care to ensure her own safety.

**7.**     Defendant alleges that Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own negligence, in that she failed to exercise reasonable care and/or diligence that a reasonable person would have in the same or similar circumstance, proximately causing, in whole or in part, the injuries, if any, complained of by Plaintiff.  These acts and omissions, whether taken together or separately, proximately caused and/or contributed to the injuries and damages to Plaintiff which are alleged in Plaintiff's Original Petition and could have avoided all or some of the damages of which she now complains.

**8.**     Defendant would show that no act or omission of Defendant proximately caused Plaintiff's alleged damages.

9.      The alleged acts and/or omissions of Defendant, which Defendant specifically denies, were not a substantial contributing factor to the incident made the basis of this lawsuit and/or Plaintiff's alleged injuries and/or damages.

10.     Defendant affirmatively asserts that it breached no duty of care owed to Plaintiff.

11.     Pleading further and in the alternative, if same be necessary, Defendant had no actual or constructive notice of any unreasonably dangerous condition as may be alleged in Plaintiff's Original Petition prior to the incident in question.

12.     Defendant asserts that Plaintiff's claims may be barred in whole or in part by her failure to take adequate steps to mitigate any alleged damages.

13.     While maintaining that Defendant is not liable to Plaintiff, to the extent that Plaintiff's medical or healthcare expenses exceed the amount actually paid or incurred by or on behalf of Plaintiff's behalf, Defendant asserts the statutory defense set forth in TEX. CIV. PRAC. & REM. CODE § 41.0105.  Thus, recovery of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

14.     Defendant reserves the right to assert any other affirmative defenses that may become apparent during the development of this lawsuit.

## RULE 193.7 NOTICE

15.     Pursuant to TEX. R. CIV. P. 193.7, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents and/or materials produced in discovery.

## REQUIRED INITIAL DISCLOSURES

**16.**    Pursuant to Tex. R. Civ. P. 194, Plaintiff is required to disclose, within 30 days after the filing of the first answer or general appearance, the information described in Tex. R. Civ. P. 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing judgment be entered that Plaintiff takes nothing by her suit, that Defendant is discharged with its costs, and for such other and further relief to which Defendant may show itself justly entitled.

Respectfully Submitted,

/s/ *Timothy U. Stanford*
Timothy U. Stanford
Texas State Bar No. 19041030
tstanford@downsstanford.com

Downs & Stanford, P.C.
2001 Bryan Street, Suite 4000
Dallas, Texas 75201
(214) 748-7900 – Telephone
(214) 748-4530 – Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record on this 9th day of August, 2021, in accordance with Tex. R. Civ. P. 21a.

/s/ *Timothy U. Stanford*
Timothy U. Stanford

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Lorraine McMahan on behalf of Timothy Stanford
Bar No. 19041030
lmcmahan@downsstanford.com
Envelope ID: 56112004
Status as of 8/10/2021 10:30 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| AYESHA RAFI | | arafi@rafidebose.com | 8/9/2021 10:51:35 AM | SENT |
| Timothy U.Stanford | | TStanford@DownsStanford.com | 8/9/2021 10:51:35 AM | SENT |
| Lorraine McMahan | | LMcMahan@DownsStanford.com | 8/9/2021 10:51:35 AM | SENT |
| Kyle DeBose | | kdebose@rafidebose.com | 8/9/2021 10:51:35 AM | SENT |

FILED
8/9/2021 10:55 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Eduardo Suarez DEPUTY

## CAUSE NO. DC-21-08851

| | | |
|---|---|---|
| **BEVERLY PIZZURRO** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | |
| | § | **95th JUDICIAL DISTRICT** |
| **HMS HOST FOUNDATIONS, INC.,** | § | |
| **HMS HOST FAMILY** | § | |
| **RESTAURANTS, INC., and** | § | |
| **HMS CORPORATION** | § | **DALLAS COUNTY, TEXAS** |

## ORIGINAL ANSWER AND SPECIAL EXCEPTION OF
## HMS CORPORATION TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, HMS Corporation ("Defendant"), by and through its counsel of record, Timothy U. Stanford, DOWNS & STANFORD, P.C., and files its Original Answer and Special Exception to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### GENERAL DENIAL

1.      As allowed by TEX. R. CIV. P. 92, Defendant generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition (and any subsequent Amended or Supplemental Petitions), which places the burden of proof on Plaintiff to prove all elements of her claims. Defendant demands strict proof of Plaintiff's allegations by a preponderance of the evidence.

### SPECIAL EXCEPTIONS

2.      Defendant specially excepts to paragraph 2 of Plaintiff's Original Petition, in that Plaintiff failed to provide the information required by TEX. CIV. PRAC. & REM. CODE § 30.014(a). Defendant hereby asks the Court to order Plaintiff to amend her Petition to include

the required information, or find Plaintiff in contempt as provided in TEX. CIV. PRAC. & REM. CODE § 30.014(b).

## **AFFIRMATIVE DEFENSES**

**3.**      Defendant states that to the best of its knowledge, there is not a Starbucks located at 3008 Cedar Springs Road in Dallas, Texas, as is alleged in Plaintiff's Original Petition.

**4.**      Defendant affirmatively asserts that does not own, operate, manage, maintain or control the premises/location where the alleged October 24, 2019 incident made the basis of this lawsuit occurred.

**5.**      Defendant contends that the alleged defect/condition complained of by Plaintiff in her Original Petition was open and obvious to all persons such as Plaintiff.

**6.**      Defendant asserts that the incident made the basis of this lawsuit was a result of Plaintiff's failure to exercise a reasonable degree of care to ensure her own safety.

**7.**      Defendant alleges that Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own negligence, in that she failed to exercise reasonable care and/or diligence that a reasonable person would have in the same or similar circumstance, proximately causing, in whole or in part, the injuries, if any, complained of by Plaintiff.  These acts and omissions, whether taken together or separately, proximately caused and/or contributed to the injuries and damages to Plaintiff which are alleged in Plaintiff's Original Petition and could have avoided all or some of the damages of which she now complains.

**8.**      Defendant would show that no act or omission of Defendant proximately caused Plaintiff's alleged damages.

9.      The alleged acts and/or omissions of Defendant, which Defendant specifically denies, were not a substantial contributing factor to the incident made the basis of this lawsuit and/or Plaintiff's alleged injuries and/or damages.

10.     Defendant affirmatively asserts that it breached no duty of care owed to Plaintiff.

11.     Pleading further and in the alternative, if same be necessary, Defendant had no actual or constructive notice of any unreasonably dangerous condition as may be alleged in Plaintiff's Original Petition prior to the incident in question.

12.     Defendant asserts that Plaintiff's claims may be barred in whole or in part by her failure to take adequate steps to mitigate any alleged damages.

13.     While maintaining that Defendant is not liable to Plaintiff, to the extent that Plaintiff's medical or healthcare expenses exceed the amount actually paid or incurred by or on behalf of Plaintiff's behalf, Defendant asserts the statutory defense set forth in TEX. CIV. PRAC. & REM. CODE § 41.0105.  Thus, recovery of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

14.     Defendant reserves the right to assert any other affirmative defenses that may become apparent during the development of this lawsuit.

## **RULE 193.7 NOTICE**

15.     Pursuant to TEX. R. CIV. P. 193.7, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents and/or materials produced in discovery.

## REQUIRED INITIAL DISCLOSURES

16.     Pursuant to TEX. R. CIV. P. 194, Plaintiff is required to disclose, within 30 days after the

filing of the first answer or general appearance, the information described in TEX. R. CIV. P.

194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing

judgment be entered that Plaintiff takes nothing by her suit, that Defendant is discharged with its

costs, and for such other and further relief to which Defendant may show itself justly entitled.


Respectfully Submitted,

/s/ *Timothy U. Stanford*
Timothy U. Stanford
Texas State Bar No. 19041030
tstanford@downsstanford.com

DOWNS & STANFORD, P.C.
2001 Bryan Street, Suite 4000
Dallas, Texas 75201
(214) 748-7900 – Telephone
(214) 748-4530 – Facsimile

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served
upon all counsel of record on this 9th day of August, 2021, in accordance with TEX. R. CIV. P.
21a.

/s/ *Timothy U. Stanford*
Timothy U. Stanford

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lorraine McMahan on behalf of Timothy Stanford
Bar No. 19041030
lmcmahan@downsstanford.com
Envelope ID: 56112365
Status as of 8/10/2021 9:55 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| AYESHA RAFI | | arafi@rafidebose.com | 8/9/2021 10:55:14 AM | SENT |
| Timothy U.Stanford | | TStanford@DownsStanford.com | 8/9/2021 10:55:14 AM | SENT |
| Lorraine McMahan | | LMcMahan@DownsStanford.com | 8/9/2021 10:55:14 AM | SENT |
| Kyle DeBose | | kdebose@rafidebose.com | 8/9/2021 10:55:14 AM | SENT |